**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BARBARA CARPE,<br><br>        Plaintiff,<br><br>            v.<br><br>MARTIN FISHMAN, ROBIN FISHMAN, and ESTATE OF BARBARA RABINOWITZ,<br><br>        Defendants. | Before: Leo M. Gordon, Judge<br><br>Court No. 2:25-cv-01106 |

## <u>MEMORANDUM and ORDER</u>

In this action, Plaintiff Barbara Carpe brings claims against Defendants Martin Fishman, Robin Fishman, and the Estate of Barbara Rabinowitz for breach of contract, violation of the Uniform Fraudulent Transfer Act, fraud, and misrepresentation.  Ms. Carpe alleges that these claims arise out of a "Ponzi Scheme," created by Defendant Martin Fishman, a disbarred lawyer, to defraud her of $824,000 for the purpose of funding 11 mortgages for private homeowners and/or borrowers for the purchase of real property. Compl., ECF No. 1.

After commencement of this action, Defendant Robin Fishman filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 3.  The court then held oral argument on the motion.  ECF No. 16.  At the time of the argument, the court learned

---

[1] Simultaneously, Defendant Mr. Fishman filed a document identified as a motion to dismiss that acknowledges that the court has jurisdiction over him, and he is prepared to defend this action.

Court No. 2:25-cv-01106                                                    Page 2

that Plaintiff had received $400,000, approximately one-half of the amount in controversy, as compensation from the New Jersey Lawyer's Fund for Client Protection ("Fund") in connection with Mr. Fishman's alleged "Ponzi Scheme."  In return for these funds, Plaintiff signed a Release, Assignment, and Subrogation Agreement with the Fund that includes, inter alia, (1) an assignment of rights from Plaintiff to the Fund and (2) a provision requiring that the Fund provide written consent for any proposed settlement of claims against Defendant Martin Fishman for said settlement to be valid or binding.

Given these provisions, and that the Fund and all three Defendants are citizens of the State of New Jersey, this Court now questions whether diversity of citizenship remains for purposes of jurisdiction in federal district court.[2]  Accordingly, it is hereby

**ORDERED** that on or before Wednesday, May 6, 2026, Plaintiff shall show cause in writing:

(1) why the Fund is not a real party in interest as a result of the aforementioned assignment clause, and thus now the proper plaintiff; and alternatively, if not the real party in interest, why the Fund is not a necessary party in this action, as a result of the aforementioned settlement authority provision; and

(2) why, if either condition identified in the prior subdivision (1) is present, diversity of citizenship is not broken and this action should not be remanded back to state court for further disposition; it is further

---

[2]  There is no dispute over whether Plaintiff's cause of action satisfies the minimum amount in controversy requirement for federal jurisdiction.

Court No. 2:25-cv-01106                                                    Page 3

**ORDERED** that the text of Plaintiff's written submission shall not exceed 12 pages in length, with one-inch margins on all sides, in 12-point font, and double spacing between all lines of text; it is further

**ORDERED** that should Plaintiff choose to attach any supplemental material to its written submission, said attachments shall be limited to three in number, with each attachment being not more than seven pages in length; it is further

**ORDERED** that Plaintiff shall serve a copy of this Order on the Fund within seven calendar days of the docketing of this Order; it further

**ORDERED** that, if it so chooses, the Fund may file a response to this Order and Plaintiff's response on or before May 20, 2026, following the same page, formatting, and supplemental material guidelines applicable to Plaintiff; and it is further

**ORDERED** that Plaintiff and the Fund, if it chooses to file a notice of appearance and a response, shall confer with the court on May 21, 2026 at 2:00 pm via a teleconference as to a date for oral argument, if any, on this Order.

/s/ Leo M. Gordon
Leo M. Gordon, Judge
U.S. Court of International Trade
(sitting by designation in the District of New Jersey)

Dated: April 22, 2026
    Newark, New Jersey